UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22437-BLOOM

IN RE PETRUS ADVISERS INVESTMENTS FUNDS, L.P.,
by its General Partner, PETRUS ADVISERS INVESTMENTS
GENERAL PARTNER, INC.,

    Petitioner.

_____/

**ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S**
<u>**REPORT AND RECOMMENDATIONS**</u>

**THIS CAUSE** is before the Court upon the Motion to Vacate, ECF No. [6] ("Motion"), filed on September 19, 2022, by non-parties Starwood Capital Group Management L.L.C., BSS SCG GP Holdings L.L.C., Starwood Capital Group Holdings GP L.L.C., SCGG II GP, L.L.C., Starwood Capital Group Global II L.P., Starwood XI Management, L.P., and Starwood XI Management GP, L.L.C. (collectively, the "Starwood Entities"). Petitioner Petrus Advisers Investments Fund, L.P. ("Petrus") filed a Response. ECF No. [13]. The Starwood Entities filed a Reply. ECF No. [16].

The Motion was referred to Magistrate Judge Alicia M. Otazo-Reyes for a Report and Recommendation ("R&R"). ECF No. [8]. On March 9, 2023, Judge Otazo-Reyes issued an R&R in which she recommended that the Motion be denied. ECF No. [24]. On March 23, 2023, the Starwood Entities filed Objections to the R&R, ECF No. [25], to which Petrus filed a Response. ECF. No. [27].

The Court has conducted a *de novo* review of the R&R, the Objections, and the record in this case in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). For the reasons set forth below, the Court adopts the R&R in full.

I.     BACKGROUND

On August 2, 2022, Petrus initiated this proceeding with the filing of its *Ex Parte* Application for Judicial Assistance in Aid of Foreign Proceeding Pursuant to 28 U.S.C. § 1782, ECF No. [1] ("Section 1782 Application"). Therein, Petrus requested an order permitting it to "obtain documentary and testimonial discovery from individuals and entities within [this district] for use in three related foreign proceedings pending before the Commercial Court in Vienna, Austria." *Id.* at 1. The three proceedings in Austria were initiated by Petrus, a minority shareholder of an Austrian company, CA Immobilien Anlagen AG ("CA Immobilien"), against the majority shareholder of CA Immobilien, SOF-11 Klimt CAI S.a.r.l I ("SOF-11"). *Id.* at 1, 5. The three Austrian lawsuits are based on allegations that SOF-11 took "numerous illegal actions to prefer its owner's interests at the expense of [CA Immobilien] and its shareholders overall." *Id.* at 2. According to Petrus, the lawsuits are analogous to shareholder derivative actions under U.S. law. *Id.* at 13.

According to the Section 1782 Application, SOF-11 is owned and controlled by Starwood Capital Group Management L.L.C. ("Starwood Capital"), a private investment firm headquartered in Miami Beach. *Id.* at 5. Petrus asserts that the additional Starwood Entities are also "in the chain of ownership of SOF-11." *Id.* at 10. Accordingly, in its Section 1782 Application, Petrus sought information relating to the Starwood Entities' involvement with SOF-11 and CA Immobilien. *Id.* at 5. They sought to file "substantially identical discovery requests" on all seven Starwood Entities, with the intention that "the recipients will identify the relevant deponents," allowing Petrus to excuse the other entities from discovery obligations. *Id.* at 11.

On August 3, 2022, the Court granted Petrus's Application. ECF No. [3]. Therein, the Court authorized Petrus to serve the proposed subpoenas and instructed that a party may move to

quash the subpoenas pursuant to the procedures set forth in Federal Rule of Civil Procedure 45. *Id*.

On September 19, 2022, the Starwood Entities filed their Motion. ECF No. [6]. Therein, they argue that the Court should vacate its Order granting Petrus's Section 1782 Application. *See generally id*. In the alternative, they move to quash the subpoenas under Rules 26 and 45. *Id*. at 15-20.

In her R&R, Judge Otazo-Reyes recommended denying Starwood Entities' Motion. ECF No. [24]. On March 23, 2023, the Starwood Entities filed their Objections, arguing that Judge Otazo-Reyes erred in rejecting their arguments in support of their Motion to Vacate or Quash. ECF No. [25]. Petrus filed a Response in which it defends the R&R's conclusions. ECF No. [27].

## II. LEGAL STANDARD

### A. Objections to Magistrate Judge's R&R

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the R&R to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to ...

submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### B. Section 1782

Pursuant to 28 U.S.C. § 1782, a district court may grant an application for judicial assistance where four criteria are met:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (citing 28 U.S.C. § 1782(a)).

However, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) (citation omitted). If all of the statutory requirements are met, the Court must consider the following discretionary "*Intel* factors":

> (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding' . . . ; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is otherwise 'unduly intrusive or burdensome.'

*Victoria, LLC v. Likhtenfeld*, 791 F. App'x 810, 817 (11th Cir. 2019) (quoting *Intel*, 542 U.S. at 264-65). "Once discovery is authorized under § 1782, the federal discovery rules, Fed. R. Civ. P. 26–36, contain the relevant practices and procedures for the taking of testimony and the production of documents." *In re Clerici*, 481 F.3d at 1336.

### III. ANALYSIS

The Court begins by clarifying the standard of review it will apply to the Starwood Entities' arguments. In their Objections, the Starwood Entities argue that Judge Otazo-Reyes erred in rejecting Starwood Entities' arguments that the second, third, and fourth *Intel* factors weigh in their favor, and in finding that the discovery requests are relevant and proportional to the needs of the underlying Austrian proceedings. *See generally* ECF No. [25]. The Court will review those issues *de novo*.

The Starwood Entities attempt to raise additional objections in footnotes. *See, e.g.*, ECF No. [25] at 9 n.5, 22 n. 12. In one, for example, the Starwood Entities assert that the R&R "also erred in concluding that the first and third Section 1782 criteria are met here and that *Intel* Factor 1 does not weigh against having granted the *Ex Parte* Application." ECF No. [25] at 9 n.5. Such conclusory assertions fail to "pinpoint the specific findings that the party disagrees with," *Schultz*, 565 F.3d at 1360, and are devoid of "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). Accordingly, rather than applying *de novo* review to such unsupported arguments, the Court has reviewed these issues for clear error, and has found none. *Macort*, 208 F. App'x at 784.

The Court proceeds with the issues that the Starwood Entities have properly argued in their Objections. The Court addresses them in the reverse order presented by the Starwood Entities, since the first logical issue is whether *any* discovery is appropriate under Section 1782, and the second issue is whether that discovery should be limited.

5

### A. The *Intel* Factors

As noted above, the Starwood Entities have presented no argument as to how Magistrate Judge Otazo-Reyes erred in concluding that all four § 1782 statutory factors are met. Reviewing for clear error, the Court finds none with respect to the Magistrate Judge's conclusion that those four factors are met. The Court turns to the three *Intel* factors that the Starwood Entities dispute with cognizable argument.

#### 1. The Second *Intel* Factor

The second discretionary *Intel* factor instructs courts to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. In their original Motion, the Starwood Entities argued that this factor disfavored granting Petrus's Section 1782 Application because the Austrian actions turn on predominantly legal, as opposed to factual determinations, and because Petrus failed to provide direct evidence that the Austrian court will be receptive to this Court's judicial assistance. ECF No. [6] at 13-16. The R&R concluded that this factor does not weigh against granting Petrus's Application. ECF No. [24] at 11.

In their Objections, the Starwood Entities first complain that Magistrate Judge Otazo-Reyes failed to squarely address their argument that the tribunal and nature of the Austrian proceedings do not support the requested discovery. ECF No. [25] at 22. Of Starwood Entities' two contentions in support of this sub-argument, one is plainly meritless and the second is misplaced within the discussion of the second *Intel* factor. Starwood Entities first contends that SOF-11's liability in the Austrian proceedings will turn on "legal, not factual determinations." ECF No. [25] at 16. The Starwood Entities' characterization of the Austrian cases as revolving solely on legal determinations is not convincing, since a key factual issue appears to be the extent

6

to which members of CA Immobilien's supervisory board were in fact undisclosed representatives of Starwood Capital. ECF No. [1] at 5. Regardless, the Court is disinclined to "conduct a detailed analysis of foreign law" to determine the overlap between factual and legal issues in the Austrian proceedings. *In re Pimenta*, 942 F. Supp. 2d 1282, 1289 (S.D. Fla. 2013). Second, the Starwood Entities assert that allowing discovery here "would potentially allow access to information that" an Austrian special auditor might preclude. ECF No. [6] at 14. That is essentially an argument that the Application is an "attempt to circumvent foreign proof-gathering restrictions," precisely what the third *Intel* factor is intended to address. *Intel*, 542 U.S. at 264-65.

Next, the Starwood Entities claim that the R&R misconstrued their receptivity argument to be that Petrus was required to "advise the Austrian tribunal of its Section 1782 Application or establish that the discovery will be admissible in the Austrian proceedings." ECF No. [25] at 22. The Starwood Entities explain that they merely intended to argue that Petrus's failure to seek the requested discovery in the Austrian court first is "something for the Court to consider in determining whether the Austrian Court would be receptive[.]" ECF No. [25] at 22 (citing *Green Dev. Corp. S.A. De C.V. v. Zamora*, No. 15-cv-21594, 2016 WL 2745844 (S.D. Fla. May 10, 2016). The Court agrees with the Starwood Entities that it is somewhat relevant that Petrus did not first seek discovery of the information at issue in the Austrian proceedings. *See, e.g.*, *Green*, 2016 WL 2745844 at *8. However, the Magistrate Judge correctly concluded that there is no "exhaustion requirement" in Section 1782, ECF No. [24] at 10 (quotation marks omitted), and it appears likely that the requested discovery of the Starwood Entities is outside the territorial jurisdiction of the Austrian court. *Id.*

In *Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218 (11th Cir. 2019), the Eleventh Circuit adopted a "middle-of-the-road approach with respect" to the second *Intel* factor and held "that district courts need not apply a rigid burden-shifting framework to properly weigh the discretionary

factor of receptivity in a § 1782 case." *Id.* at 1223. In other words, neither party has the burden to show that the Austrian courts would or would not be receptive to the Court's assistance – this is merely a factor for the Court to consider. Upon review of the evidence presented and the parties' arguments, the Court concludes that neither party has made a convincing showing of how this factor favors either of them. The Court finds the Starwood Entities' arguments unconvincing for the reasons discussed above. Petrus has likewise failed to convince that the Austrian court *will* be receptive; its Declaration in support of its Motion conclusorily states that "the Austrian Court would be receptive to evidence procured through U.S. judicial assistance," without any evidence or explanation as to why that might be so. ECF No. [1-3] ¶ 4. Thus, the Court concludes that the second *Intel* factor favors neither party.

## 2. The Third *Intel* Factor

Turning to the third *Intel* factor, the Starwood Entities argue "that resorting immediately to Section 1782 demonstrates that Petrus was attempting to circumvent the Austrian proof-gathering restrictions." ECF No. [25] at 23. Magistrate Judge Otazo-Reyes correctly pointed out that Section 1782 "does not impose a requirement that the applicant first pursue discovery in the foreign forum." ECF No. [24] at 11 (quotation marks omitted). She further distinguished the primary case relied upon by the Starwood Entities, *In re Rendon*, No. 20-mc-21152, 2020 WL 8771274 (S.D. Fla. Nov. 5, 2020), wherein the court expressed concern that a party was attempting to use § 1782 to "jump the gun" on discovery prior to filing suit in the foreign country. *Id.* at *15 (quotation marks omitted). The Court agrees with the Magistrate Judge that *In re Rendon* has little relevance here, where the Austrian proceedings were filed in 2021 and 2022. ECF No. [24] at 12. Moreover, Magistrate Judge Otazo-Reyes was correct that Petrus has made a convincing showing that the evidence sought in its Section 1782 Application is outside the territorial jurisdiction of the Austrian court. *Id.* Accordingly, the Court agrees with the Magistrate Judge that the third *Intel*

factor is in Petrus's favor because there is no indication that Petrus has attempted to circumvent Austrian proof-gathering restrictions.

### 3. The Fourth *Intel* Factor

The Fourth *Intel* factor requires the Court to consider whether Petrus's requests are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The Magistrate Judge concluded that Petrus's arguments as to this factor are "devoid of the specificity required to tip this factor in their favor." ECF No. [24] at 13-14.

In their Objections, the Starwood Entities argue that the 200 document requests within Petrus's subpoenas are overbroad because each request includes the word "all." ECF No. [25] at 18. Petrus responds, accurately, that each request "is narrowed by the remainder of the sentence identifying specific situations, companies, or circumstances[.]" ECF No. [27] at 13. Petrus is correct. Contrary to the Starwood Entities' argument, appropriately limited subpoena requests frequently include the word "all." What matters is what follows after that word. A request for "[a]ll documents which relate to any of the claims," for example, is patently overbroad. *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla., Inc.*, No. 10-cv-80241, 2010 WL 5093746, at * 5 (S.D. Fla. Dec. 8, 2010). By contrast, the subpoenas' request for "[a]ll documents related to Dr. Koschat not being reappointed as a member of the supervisory board of the Austrian Company," for example, is sufficiently narrow. ECF No. [1-2] at 21.

Relatedly, the Starwood Entities argue that many of the requests are overbroad because they seek "production of documents and communications exchanged between countless – mostly unidentified – individuals, at times with no regard to their subject matter[.]" ECF No. [25] at 18. The Starwood Entities' Objections contain no citation in support of this contention, but their original Motion relied on *Peterbrooke Franchising v. Miami Chocolates, LLC*, 2016 WL 8786784 LEXIS 190009, at *1 n.1 (S.D. Fla. Oct. 3, 2016). The court in *Peterbrooke* listed the following

example of a request it considered overbroad: "all communications between Miami Chocolates and other Peterbrook franchisees relating to the issues in this case." *Id*. That request was problematic for two reasons: "issues in this case" was never defined, and it was unclear why communications with franchisees were relevant to the issues in that case. *Id.*

Here, by contrast, Petrus's requests for communications are limited in terms of subject matter and time period, and the subject matter appears relevant to Petrus's claims in the Austrian case. *See, e.g.*, Request No. 20, ECF No. [1-2] at 7 ("All Communications related to special audit motions, requests, or resolutions presented during an annual general meeting of the Austrian Company."). To the extent that the Starwood Entities object to the scope of any particular request, it is incumbent upon the Starwood Entities to specify *which* request and explain why it imposes an undue burden. *See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA)*, 747 F.3d 1262, 1273 (11th Cir. 2014).

Next, the Starwood Entities assert that "none of the Requests (or related Topics) are narrowly tailored to the alleged issues in the underlying Austrian Proceedings." ECF No. [25] at 19. Petrus objects to the Starwood Entities' narrow portrayal of the underlying issues in the Austrian proceedings. The Court agrees with Petrus. Even if the ultimate issues in the Austrian cases are the legality of certain corporate votes, as the Starwood Entities assert, ECF No. [25] at 19, the legality of those votes appears to turn on SOF-11 and the Starwood Entities' alleged improper involvement in those votes. ECF No. [1] at 8. The Requests, as a whole, appear crafted to discover information relevant to those issues. *See* Fed. R. Civ. P. 26(b)(1) (defining the scope of discovery).

Next, the Starwood Entities argue that the Magistrate Judge failed to take into account the Starwood Entities' non-party status in assessing burden. However, the R&R plainly reveals that the Magistrate Judge was well aware of the Starwood Entities' non-party status, as she stated,

"[h]ere, it is undisputed that the Starwood Entities are nonparticipants in the Austrian proceedings." ECF No. [24] at 9. While it true that a requestee's non-party status is a relevant factor when "weighing the burdens imposed in providing the requested discovery," *Cytodyne Techs. Inc v. Biogenic Techs., Inc*., 216 F.R.D. 533, 535 (M.D. Fla. 2003), that factor is not so weighty as to compel the conclusion that no discovery is warranted at all in this case.

In rejecting the Starwood Entities' arguments regarding the fourth *Intel* factor, the Magistrate Judge correctly applied the Eleventh Circuit's teachings in *Consorcio Ecuatoriano*, 747 F.3d 1262. In that case, the Eleventh Circuit rejected a party's fourth *Intel* factor argument for "fail[ing] to identify which particular discovery requests . . . are unduly burdensome or to provide any specific evidence to support its blanket claim" that it was exempt from compliance with the § 1782 application at issue. *Id*. at 1273. As opposed to such "all-or-nothing" approaches, the Eleventh Circuit advises that the requestee's proper recourse is to take steps to meet the requester "somewhere in the middle or to narrow the discovery request." *Id*. at 1272-73. The Starwood Entities have not done so in this case.

In sum, the Magistrate Judge correctly concluded that the fourth *Intel* factor does not weigh in the Starwood Entities' favor. ECF No. [24] at 14. Overall, the Court agrees with the Magistrate Judge that the *Intel* factors do not support the Starwood Entities' Motion to Vacate.

### B. The Starwood Entities' Motion to Quash

In their original Motion, the Starwood Entities argued in the alternative that Petrus's subpoenas should be quashed for failure to comply with the Federal Rules of Civil Procedure. ECF No. [6] at 21-26. They presented three arguments: (1) they repeated their arguments that the subpoenas are unduly burdensome; (2) they argued that there was a technical noncompliance with the Court's Order granting Petrus's Section 1782 Application; and (3) they asserted that they have no employees within 100 miles of the designated location of compliance with the subpoenas in

11

Miami. *Id.* The R&R rejected the first and third arguments and concluded that the second argument was mooted by a stipulation between the parties. ECF No. [24] at 14-15.

In their Objections, the Starwood Entities wisely abandon their argument that, despite being headquartered in Miami Beach, they have no employees within 100 miles of Miami. ECF No. [25]. Rather, they argue that the R&R erred in finding Petrus's Requests relevant and proportional to the needs of this case. *Id.* at 11-17. The Magistrate Judge rejected the Starwood Entities' relevance and proportionality arguments for essentially the same reasons she rejected the Starwood Entities' arguments regarding the fourth *Intel* factor. ECF No. [24] at 14-15. The Court agrees with the Magistrate Judge that the Starwood Entities' arguments are essentially boilerplate objections that seek to prohibit all discovery in this case. *Id*. For the reasons explained above, the Starwood Entities' "all-or-nothing approach" is unreasonable. *Consorcio Ecuatoriano*, 747 F.3d at 1273 (criticizing a party that failed to take steps to meet the requester "somewhere in the middle or to narrow the discovery request in any particular way"). The Magistrate Judge correctly denied the Starwood Entities' Motion to Quash.

## IV.   CONCLUSION

Upon a comprehensive review, the Court finds Magistrate Judge Otazo-Reyes's R&R to be well-reasoned and correct. Should additional discovery issues arise, the Court expects the parties to work together in the "spirit of cooperation, professionalism, and civility." Introductory Statement, S.D. Fla. Local Rules. To the extent they are unable to reach agreement, they may bring specific points of contention to the attention of Magistrate Judge Otazo-Reyes.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R, **ECF No. [28]**, is **ADOPTED**.

2. The Starwood Entities' Objections, **ECF No. [25]**, are **OVERRULED**.

3. The Starwood Entities' Motion to Vacate or Quash, **ECF No. [6]**, is **DENIED**.

Case No. 22-cv-22437-BLOOM

4. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all further discovery matters in this case are **REFERRED** to **Magistrate Judge Alicia M. Otazo-Reyes**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 25, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record